## RACHEL DAVIDSON v. JOHN DAVIDSON.

*Support of wife apart from husband.*

A bill for the support of the wife separate from the husband will only be sustained when the reasons for it are imperative. If from the evidence the court is satisfied the difficulties between the parties are not serious, the bill will be dismissed, especially where there are young children for whom they ought to provide a home.

Appeal from Saginaw. Submitted October 12. Decided October 26.

BILL filed by wife for separate support. Defendant appeals. Bill dismissed without prejudice.

*L. T. Durand* for complainant. Act 152 of 1873 providing for the separate support of wives is designed to prevent their becoming a public charge: 3 Wait's Actions 650; *Trotter v. Trotter* 77 Ill. 510; and the husband's credit goes with her for the necessaries of life: *Randall v. Randall* 37 Mich. 563; and the court will require him to furnish the

same out of his own means: *Deenis v. Deenis* 79 Ill. 74; *Van Arsdalen v. Van Arsdalen* 30 N. J. Eq. 359.

*Tarsney, Tenniant & Weadock* and *Benton Hanchett* for defendant.

COOLEY, J. The bill in this case is filed by a wife against her husband to obtain a separate support. A large amount of evidence has been put in to show the difficulties between the parties and their cause, but it does not impress us that they are of such a nature as ought to preclude the parties living together in comfort. Under such circumstances we are not inclined to provide for a separate maintenance. The parties have four minor children for whom they ought to provide a home; and the proper home obviously is one where their parents reside. A permanent separation of the parents could scarcely fail to be injurious to the children, and it is a condition of things which a court should provide for only when the reasons are imperative. We do not find such reasons in this record. We shall however direct the bill to be dismissed without prejudice, that the wife may not be without redress in case the husband shall hereafter unreasonably refuse to provide for her. At the same time we deem it proper to say we consider the case one for mutual concessions.

The other Justices concurred.