WALKER *v.* WALKER.

1. HUSBAND AND WIFE — SEPARATE MAINTENANCE — DIVORCE—EVI-
DENCE—SUFFICIENCY.

In wife's suit for separate maintenance, husband's cross-
bill for divorce, *held*, properly dismissed.

2. SAME—HABITUAL DRUNKARD—EVIDENCE.

That husband was in the habit of drinking liquor, at
times to excess, *held*, insufficient proof to justify a finding
that he was an habitual drunkard.

3. SAME—SEPARATE MAINTENANCE—DESERTION.

Wife's charge that husband deserted her with intent to
leave her without adequate means of support, *held*, es-
tablished by the proofs, warranting an award to her of
$125 per month for her separate maintenance under the
statute (3 Comp. Laws 1915, § 11479 *et seq.*).

Cross-appeals from Wayne; Richter (Theodore J.),
J.   Submitted June 4, 1924.   (Docket No. 29.)
Decided July 24, 1924.   Rehearing denied October 6,
1924.

Petition by Anna T. Walker against John C. Walker
for separate maintenance.   Defendant filed a bill
against plaintiff for a divorce.   The cases were con-
solidated.   From a decree dismissing the petition and
bill, both parties appeal.   Reversed, and decree en-
tered for separate maintenance of plaintiff.

*Percy W. Grose, Howard N. Colby,* and *Bernard P.
Costello,* for Anna T. Walker.

*David N. Harper,* for John C. Walker.

Authorities discussing the question as to who is a habitual
drunkard within the meaning of divorce laws, are collated in
notes in 34 L. R. A. 449; 6 L. R. A. (N. S.) 914; 40 L. R. A.
(N. S.) 655.

Earning capacity or prospective earnings of husband as basis
of alimony, see note in 6 A. L. R. 192.

SHARPE, J. On July 8, 1920, Anna T. Walker filed a petition for separate maintenance pursuant to section 11479 *et seq.*, 3 Comp. Laws 1915, against John C. Walker. He answered, denying the averments therein, and, pending the hearing thereof, he filed a bill for divorce from her, alleging extreme and repeated cruelty, to which she made answer denying such charges. By consent of the parties, an order of consolidation was entered. After the proofs had been submitted, the trial court entered a decree dismissing both the petition and the bill for divorce. Both parties have appealed.

1. Divorce. There is no sufficient proof to support the allegations of cruelty. The bill for divorce was properly dismissed.

2. Separate maintenance. In the consideration of this question, Mrs. Walker will be spoken of as plaintiff and Mr. Walker as defendant. The parties were married on February 7, 1911, and separated on November 5, 1918. They have no children. Plaintiff's claim rests on charges of extreme cruelty, habitual drunkenness, and desertion with intent to leave her without adequate means of support. As to the first two it is sufficient to say that they have not been established by a preponderance of the proof. That defendant was in the habit of drinking liquor, at times to excess, is admitted by him, but there is no sufficient proof to justify a finding that he was an habitual drunkard. A charge of this kind, if true, may easily be supported by evidence. *Lentz* v. *Lentz*, 171 Mich. 509. The acts of personal violence complained of are so trifling that they need not be considered. That plaintiff was mortified and distressed on several occasions by defendant's over-indulgence in intoxicants plainly appears, but it also appears that she herself indulged, although moderately, at such times. On a consideration of all the proofs bearing on this charge, we are impressed that it is not sustained.

The other charge is, we think, established. The defendant is a dentist, has a good practice, and is in receipt of a net income sufficient to maintain a comfortable home for himself and his wife. He did maintain such a home until he left it in November, 1918. He soon after commenced divorce proceedings, which were discontinued in May, 1920. The plaintiff in the meantime had sublet the flat in which they had been living, and received some income therefrom. On May 12th, recognizing the duty imposed on him to support her, he wrote her, requesting that she cause the subtenants to vacate and saying that as soon as they did, "I will commence to support you at this home, and will see to it that you are properly taken care of." She answered, assuring him that she would comply with his request. In this letter she assumed that it was his purpose to return and live with her. On May 17th, she received notice that the May rent had not been paid. On May 28th, he wrote her, enclosing check for $30 and saying, "I will send you a check each week for $10 and will continue paying the rent." On May 29th, plaintiff's attorney wrote defendant that plaintiff had been ordered to vacate the premises and expressing a desire that a reconciliation be effected. The rent was not paid, and she was compelled to vacate. Her petition herein for separate maintenance was filed on July 8th.

Defendant deserted plaintiff without good and sufficient cause, and with apparent intent to leave her without adequate means of support. The proofs entitle her to relief under the statute. The plaintiff is not in good health. The defendant is. Neither is possessed of any property yielding any considerable income. There are no children to be supported. While defendant's earnings during the year preceding the hearing were quite large, his expenses are necessarily also large. It is always difficult in this class of cases to fix a sum which is fair to both parties.

Here we have not the benefit of an opinion of the trial court to aid us.

A decree will be entered awarding plaintiff $125 per month.    It will provide for the remand of the case so that application may be made to the trial court for its increase or reduction, should changed conditions at any time so warrant.    Plaintiff will recover costs of this court.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.