## KLUMPP *v.* KLUMPP.

1. HUSBAND AND WIFE—SEPARATE MAINTENANCE—EVIDENCE—RECONCILIATION.

In wife's suit for separate maintenance in which husband sought absolute divorce, evidence *held*, not to warrant conclusion that in 1931 there was unconditional forgiveness, reconciliation and reunion, and restoration of all marital rights or that defendant complied with the conditions imposed (3 Comp. Laws 1929, § 12794).

2. APPEAL AND ERROR—SEPARATE MAINTENANCE—SUPREME COURT—REVIEW OF EVIDENCE.

Fact that Supreme Court usually gives considerable weight to trial judge's findings in suits for separate maintenance does not relieve it of the duty of exercising its own judgment in passing on the evidence.

3. HUSBAND AND WIFE—SEPARATE MAINTENANCE—UNJUSTIFIED DESERTION—RECONCILIATION.

Under evidence showing an unjustifiable desertion of wife by husband with no possibility of reconciliation, wife was entitled to decree on her bill for separate maintenance (3 Comp. Laws 1929, § 12794).

4. SAME—DECREE OF SEPARATE MAINTENANCE—REMAND—CHANGED CONDITIONS.

On reversal of trial court's order dismissing wife's bill for separate maintenance and award to her of decree therefor and $30 per month, costs of appeal and attorney fee, case is remanded to circuit court for increase or reduction of amount allowed should changed conditions at any time so warrant (3 Comp. Laws 1929, § 12794).

Appeal from Kent; Brown (William B.), J. Submitted April 18, 1939. (Docket No. 89, Calendar No. 40,295.) Decided June 5, 1939.

Bill by Alma E. Klumpp against William C. Klumpp for separate maintenance. Cross bill by defendant against plaintiff for an absolute divorce. Bill and cross bill dismissed. Plaintiff appeals. Reversed and decree entered for plaintiff.

*Allaben & Wiarda,* for plaintiff.

*Arthur R. Sherk,* for defendant.

BUSHNELL, J. Plaintiff applied for a decree of separate maintenance under the provisions of 3 Comp. Laws 1929, § 12794 (Stat. Ann. § 25.211). Defendant filed a cross bill seeking a decree of divorce. A decree was entered dismissing the bill and cross bill, without costs to either party.

The parties were married in 1912 and have one child, a married, adult daughter. At the time of trial, in 1938, plaintiff was 47 years of age and defendant was 51. Defendant owns and operates a leather goods store in the city of Grand Rapids.

Some of the charges made by plaintiff were admitted by defendant, who testified in his own behalf. A discussion of the details of the marital differences of the parties would not be of any particular benefit to the profession or the public. Defendant admitted that his wife was a truthful woman and that he lied to her, under oath, about his attitude toward other women—sometimes telling her where he had been and sometimes not. On one occasion he told her that he had been out with the Queen of Sheba, and on another that it was none of her business. Plaintiff said that, on the strength of defendant's promise to behave himself, she took him back in July of 1931, but he did not keep that promise. He admitted his associations with and attentions to certain married women, whom he named in his testimony, denying, however, any implication of immorality.

It is undisputed that defendant left the plaintiff in 1935, and has refused to live with her since, and that he voluntarily conveyed to her all of his interest in the home which the parties owned jointly, and in a cottage at Spring Lake. His contributions to her support averaged $5 to $10 per week for some time, and he paid $15 per week temporary alimony by order of the trial court. Since the decree, he has contributed nothing toward plaintiff's support, although he did pay $150 toward the expense of her litigation under an order of this court.

Defendant claims that in 1931 plaintiff agreed to forgive and forget and that he returned home in November, where he remained until 1935. The facts do not warrant a conclusion that "there was unconditional forgiveness, reconciliation, and reunion, and restoration of all marital rights" or that defendant complied with the conditions imposed. *Creech* v. *Creech*, 126 Mich. 267.

The trial judge carefully reviewed the testimony in a detailed opinion. We should give all the weight that is usually accorded in such cases to the trial judge's findings, but nevertheless we are not relieved of the duty of exercising our own judgment in passing upon the evidence. *Heaton* v. *Heaton,* 186 Mich. 37.

The situation presented by the record is one where, notwithstanding reasonable attempts to live together, the parties are unable to continue their marital relations.

Defendant's cross-bill states that the parties can no longer live together in peace and harmony. The trial judge's opinion indicates an unjustifiable desertion with no probability of reconciliation. *Walker* v. *Walker,* 228 Mich. 165. The court said he would leave "the parties right where they were and have been for the past three years, leaving him to support his family as he should and leaving relations as they are."

Plaintiff should not be required to depend upon defendant's bounty for her support. Under the proofs, plaintiff was entitled to the relief provided in the statute, *supra,* and a decree for separate maintenance should have been entered.

The decree entered below will be vacated and one will be entered here granting plaintiff separate maintenance and awarding her $30 per month, and costs of her appeal, with $100 attorney's fee. The decree will provide that, after entry thereof, the cause shall be remanded to the circuit court so that application can be made to that court for increase or reduction of the amount allowed should changed conditions at any time so warrant. *Walker* v. *Walker, supra.* It is so ordered.

Butzel, C. J., and Wiest, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.