LANE v. LANE.

1. HUSBAND AND WIFE—SEPARATE MAINTENANCE—CROSS-APPEAL—EVIDENCE.

On plaintiff wife's appeal and defendant husband's cross-appeal from decree of separate maintenance, cross-appeal was without merit and evidence fully justified decree of separate maintenance under. statute (3 Comp. Laws 1929, § 12794).

2. SAME—ALTERNATIVE DECREE FOR SEPARATE MAINTENANCE—MODIFICATION.

In wife's suit for separate maintenance, where husband has gross salary of $2,660 per year; a $2,500 equity in bungalow subject to $3,850 mortgage; 30 vacant lots subject to mortgage for $900 and some unpaid taxes; a car; and $8 weekly payment for support of two minor children of a former marriage, decree granting separate maintenance and providing an alternative that bungalow homestead be sold and plaintiff paid $15 weekly from proceeds and no more or that plaintiff might have the use of the house as long as she desired and paid upkeep, taxes, insurance and mortgage payments is modified to eliminate second alternative and to leave jurisdiction in court to make further provision under first, alternative in case fund is exhausted and for disposition of funds in case plaintiff died before exhaustion of funds (3 Comp. Laws 1929, § 12794).

3. SAME—SEPARATE MAINTENANCE—MODIFICATION OF DECREE—COSTS.

Plaintiff in suit for separate maintenance is awarded costs and a $50 attorney fee where decree is modified in her favor on appeal.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 10, 1944. (Docket No. 53, Calendar No. 42,857.) Decided November 30, 1944. Rehearing denied January 2, 1945. Reconsideration denied April 9, 1945.

Bill by Ruth Lane against Glenn A. Lane for separate maintenance on grounds of extreme and re-

peated cruelty, desertion and nonsupport. Decree for plaintiff. Plaintiff appeals. Defendant cross-appeals. Amended decree entered in this court.

*Allaben & Wiarda,* for plaintiff.

*Linsey, Shivel, Phelps & Vander Wal,* for defendant.

NORTH, C. J. In this case plaintiff had a decree for separate maintenance. Her bill was filed under 3 Comp. Laws 1929, § 12794 (Stat. Ann. § 25.211). She has appealed from the decretal provisions for her support. The defendant husband, who answered the bill of complaint and denied plaintiff's right to any relief, has cross-appealed.

These parties were married in August, 1939. No children were born of the issue. Following three earlier separations for short intervals after which the parties at plaintiff's solicitation resumed living together, the final separation occurred in January, 1943. Since that time defendant has refused, and at the hearing emphatically refused, to again resume marital relations. Immediately after the 1943 separation defendant herein filed a bill for divorce. Upon hearing on the merits his bill was dismissed. Plaintiff's suit for separate maintenance was started in September, 1943.

We first consider defendant's cross-appeal. The record discloses that on various occasions he assaulted plaintiff, that he has consorted with other women, that he has never bought any clothing for plaintiff and has refused to support her. Defendant's testimony is to the effect that plaintiff was a good housekeeper and helpmate and he did not claim she was guilty of any unchaste conduct; but defendant did testify that plaintiff frequently "nagged"

him. However, this charge together with defendant's claim that plaintiff denied him sexual relations were adjudicated in the former divorce case; and we think are not sustained in the instant case. Under this record we find no merit to defendant's cross-appeal. Instead the trial court was fully justified in granting plaintiff a decree of separate maintenance under the cited statute.

As noted above, plaintiff's appeal concerns only the provisions made in the decree for her separate maintenance. For upwards of 16 years defendant has been a member of the Grand Rapids police force and at present serves as a detective. He testified that his salary in gross is $2,660 per year, from which certain rather minor deductions are made. He owns in his own name a bungalow dwelling in which the parties lived and which has been occupied by plaintiff since the separation. This property is mortgaged for "around $3,850." Defendant's equity is approximately $2,500. At the time of the trial he owned 22 lots on Harding street just outside Grand Rapids city limits, and 8 other lots located in various parts of the city. Defendant's equity in these lots is not of great value, and at least some of them were purchased by defendant at scavenger sales. They are mortgaged for $900 and there are some unpaid taxes. Defendant also owns a 1940 Ford which he purchased secondhand. He is presently paying $8 per week under a decretal order of the court for the support of two minor children born of a former marriage, which was terminated by divorce.

Other than the furniture in the home, which was purchased with plaintiff's money and must be considered as belonging to her, she is not possessed of property of any substantial value. During at least a portion of the time the parties lived together she

was employed outside the home, and since the separation, at least for a portion of that period, she has been so employed. At the time of the hearing she was working as a switchboard operator and earning $100 per month, from which deductions were made. Pending final determination of the instant case she has had an order for temporary alimony at the rate of $12 per week.

The question presented is whether in the light of the foregoing circumstances of the respective parties the provisions made in the decree for plaintiff's support should be affirmed or modified. In form the decree entered is in the alternative and in the first instance provides that within 60 days after decree plaintiff shall deliver possession of the property occupied by her to one Robert C. Gaunt as trustee for the purpose of selling the property at the highest price obtainable and subject to the approval of the court; that the money so received shall be deposited with the clerk of the court, and out of this fund $15 per week shall be paid to plaintiff until the fund is exhausted; and thereafter plaintiff "shall receive no further funds or sums of money whatsoever from said defendant, Glenn E. Lane." The alternative provision is that upon the written request of plaintiff filed in the cause, she shall have the use of the house as long as she desires, "and as long as she pays the upkeep, taxes, insurance and any other expenses in connection therewith" and provided further that she shall make the required payment of $35.50 per month on the mortgage encumbrance, and shall save defendant harmless from "expenses and liabilities on said home and mortgage;" the title of the property to remain in defendant. The decree further required defendant to pay an attorney fee of $75 and $10 costs.

While not necessary to decision, we are constrained to note that alternative provisions of the foregoing character are to say at least undesirable. If opportunity is afforded to one of the litigants to elect as to which alternative provision will be chosen, such election, in cases where it is possible, should be required in advance of entering the decree and without prejudice to the right of the party making the election to appeal therefrom. Such procedure renders the terms of the decree more definite and tends to obviate subsequent litigation. This record does not disclose that plaintiff has made an election between the alternative provisions of the decree; therefore the exact issue for review on this appeal is indefinite.

Our review of this record brings the conviction that in the particular under consideration the decree should be modified. We disapprove of the latter of the two alternative provisions as being unjust to plaintiff in that without any contribution from defendant it burdens plaintiff with the upkeep of the home property and payment of the mortgage encumbrance of approximately $3,850 at the rate of $35.50 per month, but still leaves the sole ownership of the property in defendant. This seems both unjust and impractical.

However, we think an adjustment of the controverted issue can be accomplished by a modification, as hereinafter indicated, of the first of the two alternative provisions in the trial court's decree. In so far as this part of the decree provides that plaintiff shall deliver possession of the property within the time specified to a trustee for the purpose of the property being sold as provided under the direction of the court, and the money received for the property shall be deposited with the clerk of the court and from this balance $15 per week shall be paid to plaintiff for her support and maintenance until the

fund is exhausted, the decree should be affirmed. But instead of providing that plaintiff "shall receive no further funds or sums of money whatsoever from said defendant," the decree should provide that the trial court retains jurisdiction for the purpose of making such further order or decree for the support and maintenance of plaintiff after the fund in the clerk's hands has been exhausted as upon proper application, and hearing before the court shall be deemed just and proper. It should also be provided that in event of plaintiff's death before the fund is exhausted, any residue shall belong to and be paid to defendant. The amended decree should provide that the household furniture is the sole property of plaintiff; and further that plaintiff releases all her right, title and interest (including dower rights) in any of the lots now owned by plaintiff or in any future real estate of which he may become possessed. The provisions in the trial court's decree granting plaintiff separate maintenance and ordering the payment of attorney's fees and costs in the trial court should be affirmed; and further it should be provided that defendant shall pay the amount in arrears under the order for temporary alimony, if any. And, the amended decree may also provide that the trial court retains jurisdiction in this case both for the purpose of administering and enforcing the terms of the decree and of subsequently modifying or extending the decree as hereinbefore provided.

In accord with the foregoing an amended decree will be entered in this Court and the case remanded to the trial court for such further proceedings therein as may be proper. Plaintiff may have taxable costs and in addition thereto a $50 attorney fee.

STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.