BLACKMER v. BLACKMER.

1. Divorce—Evidence of Wife's Misconduct.
   Alleged charges of wife's misconduct upon which defendant husband sought divorce on cross bill in her suit for separate maintenance *held*, not established by testimony.

2. Husband and Wife—Separate Maintenance—Abandonment.
   Husband's surly and unkindly attitude toward wife and his abandonment of the family afforded sufficient grounds for granting wife a decree of separate maintenance (3 Comp. Laws 1929, § 12794).

3. Same—Alimony—Jurisdiction of Trial Court.
   The amount of an award for permanent alimony in a suit for separate maintenance remains within the jurisdiction of the trial court (3 Comp. Laws 1929, § 12794).

4. Same—Alimony.
   Where husband's net pay after all deductions at time of decree was something in excess of $100 for each half month's pay and wife is awarded decree of separate maintenance and custody of their three children, award to her of $60 twice each month was neither excessive nor inequitable as she had to maintain herself and the children and pay $25 a month rent (3 Comp. Laws 1929, § 12794).

Appeal from Kent; Brown (William B.), J. Submitted January 10, 1946. (Docket No. 62, Calendar No. 43,225.) Decided March 4, 1946.

Bill by Ardeth Blackmer against Czar Blackmer for separate maintenance on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*John J. Smolenski* (*Earl Glocheski*, of counsel), for plaintiff.

*Irving H. Smith*, for defendant.

NORTH, J.  Plaintiff filed a bill for separate maintenance.  Defendant answered and by cross bill sought divorce.  Upon hearing in open court a decree was entered dismissing defendant's cross bill, granting plaintiff a decree of separate maintenance, custody of minor children, and alimony for their support payable at the rate of $60 on the first and fifteenth days of each month until the youngest child attains the age of 17 years or until the further order of the court.  Defendant has appealed.

The parties were married in October, 1936, and separated September 9, 1944, at which time the husband left the home theretofore occupied by the parties.  Two daughters born of the marriage were at the time decree was entered respectively three and five years of age.  Besides these two there was an adopted child, a boy nine years of age.  Plaintiff is of the Catholic faith, but defendant is not.  She sought to avoid the separation and resisted defendant's importunities that she should secure a divorce.  Appellant's main contention is that plaintiff's proof did not show he was guilty of such acts of extreme and repeated cruelty as would entitle plaintiff to a divorce, and therefore she was not entitled to a decree of separate maintenance by virtue of the statutory provisions under which her bill of complaint was filed.  See 3 Comp. Laws 1929, § 12794 (Stat. Ann. § 25.211).  Appellant also asserts that under the proofs he should have been granted a decree of divorce.

It would be of no service to attempt a detailed review of the testimony offered in behalf of the

respective parties, but it is sufficient to note the following. In effect the testimony in behalf of plaintiff was that these parties lived in comparative happiness and sustained relatively normal domestic relations until the summer of 1944. At that time plaintiff with the three children visited in the home of defendant's sister and her husband in Traverse City for two weeks. Defendant did not accompany them because he had steady employment and did not wish to lose time. About Labor Day, 1944, which was shortly after plaintiff returned from Traverse City, she learned from defendant that he had decided to leave the home. She testified: "He just deliberately said he wanted to get out, he had thought things over and couldn't stay with us any more. * * * I tried to get him to stay but he would not stay." On September 9, 1944, defendant left his family and went to the home of his mother who lived in Grand Rapids. He took with him from the home of these parties his clothing, a double bed, bed clothing, a chest of drawers and a radio, but the latter item was later returned to plaintiff. At the time of his leaving defendant made practically no provision for the maintenance of the family, although a limited amount of food and supplies were on hand. However, shortly defendant began to contribute $45 twice a month, and later under an order for temporary alimony contributed $50 twice each month for the support of plaintiff and the minor children. While defendant has visited the children from time to time since the separation, he has persisted in his refusal to renew the home relations notwithstanding plaintiff urged him to do so. He testified: "I commenced to dislike her in 1937. * * * I won't live with her at all." The testimony discloses that defendant charged his wife with conduct unbecoming to her while on a visit to his relatives

in Traverse City, particularly in that she sought the embraces of the brother-in-law in whose home she was visiting. The circumstances under which defendant claims to have obtained knowledge concerning such questionable conduct are such that they challenge the truth of the accusation which is denied by plaintiff. We are in accord with the conclusion of the circuit judge that the charge referred to and another charge of indiscreet conduct, which is also denied by plaintiff, were not established by the testimony. Aside from the above the main burden of defendant's complaint was that his wife was untidy about her person and also about her household. These parties lived in very modest circumstances, just outside the city of Grand Rapids. They rented a five room house in which there was neither bath nor indoor toilet conveniences. With three young children in the family it is not at all surprising that at times conditions developed about the household, as well as plaintiff's person as to dress, cleanliness, et cetera, that were not all that could be wished. But defendant testified: "My wife kept the children very clean and took good care of them, as far as I know." Our review of the record brings the conclusion the trial judge was correct in determining that defendant was not entitled to a decree of divorce on his cross bill, but on the other hand that the circumstances above noted as well as defendant's surly and unkindly attitude towards plaintiff and abandonment of his family afforded sufficient grounds for granting her a decree of separate maintenance.

Appellant further contends that the award of permanent alimony was excessive. He urges that it is based on his earnings at a time when they were abnormally high and therefore the amount awarded should be reduced. This, however, is a matter which

remains at all times within the jurisdiction of the trial court. At the time of hearing defendant had overtime employment and was earning $1.05 per hour; and, as stated in appellant's brief, each half month he received a pay check of about $127.30. However some deductions from his pay were made, seemingly including the purchase each month of a war bond, but the net amount of each half month's pay was something in excess of $100. In view of the fact that defendant has only his personal needs to provide; whereas plaintiff must maintain herself and three minor children and pay monthly $25 rent, we are not prepared to say that the provision made by the circuit judge of a $60 payment twice each month was either excessive or inequitable.

The decree entered in the circuit court is affirmed, with costs of this Court to appellee.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and STARR, JJ., concurred.