## SULLIVAN *v.* SULLIVAN.

1. MARRIAGE—SEPARATE MAINTENANCE—EVIDENCE.

In wife's suit for separate maintenance in which defendant filed a cross bill, finding of trial court that plaintiff was entitled to decree of separate maintenance is not disturbed in view of testimony as to defendant's moodiness, hostility toward plaintiff and infidelity.

2. SAME—SEPARATE MAINTENANCE—STATUTES.

Statute authorizing decree to provide wife with property and maintenance from her husband's estate contemplates separate maintenance on grounds entitling wife to a legal separation or divorce even though nonsupport is not shown (3 Comp. Laws 1929, § 12794).

3. SAME—SEPARATE MAINTENANCE—STATUTES—SUPPORT OF WIFE—PROPERTY OF HUSBAND.

While statutes authorizing decree to wife for separate maintenance authorize requirement that husband pay a fixed sum of money for the support of the wife and for security of such payment, they do not permit an award to her of title to, or ownership of, any of his property (3 Comp. Laws 1929, §§ 12794, 12795, 12797).

4. JUDGMENT—ACCESS TO BOOKS OF ONE NOT A PARTY TO SUIT—SEPARATE MAINTENANCE.

Where taxicab company, in which defendant husband had an interest, was not a party to wife's suit for separate maintenance, provision of decree giving her access to its books was not binding upon the company.

5. MARRIAGE—SEPARATE MAINTENANCE—COSTS.

No costs are allowed in suit for separate maintenance where neither party has fully prevailed on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 27 Am. Jur., Husband and Wife, §§ 404–406.
[2] 27 Am. Jur., Husband and Wife, §§ 410, 411.
[3] 27 Am. Jur., Husband and Wife, § 415.
[4] 17 Am. Jur., Discovery and Inspection, § 39.
[5] 27 Am. Jur., Husband and Wife, § 416.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 15, 1948. (Docket No. 63, Calendar No. 44,057.) Decided January 3, 1949. Rehearing denied February 28, 1949.

Bill by Helen Sullivan against Frank Sullivan for separate maintenance. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Rothe & Williamson,* for plaintiff.

*Edward N. Barnard,* for defendant.

DETHMERS, J. Plaintiff filed a petition under Act No. 243, Pub. Acts 1889 (3 Comp. Laws 1929, §§ 12794, 12795 * [Stat. Ann. §§ 25.211, 25.212]), hereinafter referred to as Act No. 243. The court, after dismissing defendant's cross bill for divorce, awarded plaintiff a decree of separate maintenance, decreeing her to be the owner of an undivided one-half interest in defendant's share in The Checker Cab business and in defendant's taxicabs, requiring him to turn over to plaintiff, monthly, for her separate maintenance and support, one half the net proceeds therefrom, and further decreeing that plaintiff have access to the books and records of the taxicab company, and enjoining defendant from selling or encumbering his share in said business or his taxicabs without plaintiff's consent or order of the court. Defendant appeals.

Defendant urges that plaintiff did not make a case to support her bill, that defendant's cross bill should have been granted or that, at least, the decree for separate maintenance should be reversed because plaintiff was equally guilty with defendant. Detailing the facts touching on the conduct of the parties

---

* 3 Comp. Laws 1948, §§ 552.301, 552.302.—REPORTER.

would serve no useful purpose. There was some conflict in the testimony. The trial court saw and heard the witnesses, determined which testimony was worthy of belief and made a finding of facts. We are unable to say that we would have found differently had we been in the position of the trial court.

The court found that after 26 years of married life together defendant informed plaintiff that he was through with her, all washed up, and that she should get a divorce or he would; that on another occasion defendant told plaintiff he wanted to live with her in Detroit in the summer time and with another woman in Florida in the winter time. The testimony further showed that defendant was moody, cool and at times hostile toward plaintiff; that he admitted to plaintiff his interest in another woman. Defendant claims that plaintiff nagged him and accused him of an affair with another woman, that she was lax in performance of household duties and indulged in gambling. Her accusations of infidelity do not appear to have been made without reason. We do not find from the record that plaintiff's conduct was such as to entitle defendant to a divorce or as to bar plaintiff's right to a decree. Disregarding all testimony concerning the details of an episode with another woman as not having been properly pleaded, still the record amply supports the trial court's finding that defendant's conduct was such as to entitle plaintiff to a decree.

Defendant contends that under Act No. 243 it is not enough for plaintiff to prove cruelty on defendant's part or his commission of any other offense that entitles the wife to a decree of divorce, but that she must, in addition, show that he refused and neglected to support her. That question was considered and answered contrary to defendant's contention in *Heckathorn* v. *Heckathorn,* 284 Mich. 677. Defendant says the *Heckathorn* decision does violence to

the language and intent of the act. The construction to be given to the language thereof was fully considered in that case. Defendant considers the sole intent and purpose of the act to be to provide maintenance and he therefore urges that "no action for 'maintenance' can be had if maintenance is already being provided by the husband." Defendant misconceives the full purpose of the act. It contemplates not merely maintenance, but a separate maintenance, and, therefore, provides that grounds which entitle a wife to a legal separation or divorce shall likewise constitute grounds for relief under this act, even though nonsupport is not shown.

We next consider specifically defendant's contention that Act No. 243 provides only for maintenance and that a decree for separate maintenance is not permissible thereunder, but only under 3 Comp. Laws 1929, § 12729* (Stat. Ann. § 25.87), the so-called divorce from bed and board statute. Were the sole intent and purpose of Act No. 243 to secure maintenance for a wife and not separation, there would have been no reason to make the usual grounds for divorce, other than nonsupport, also grounds for relief under this act. In *Tobey* v. *Tobey,* 100 Mich. 54, this Court held that Act No. 152, § 3, Pub. Acts 1873 (3 Comp. Laws 1929, § 12797† [Stat. Ann. § 25.221]) had not been repealed, or superseded, as were sections 1 and 2 thereof, by Act No. 243, and, in effect, that it must be read in connection with or as a part of the latter act. Said section authorizes the court to decree concerning the care and custody of minor children of the parties and to "determine with which of the parties the children * * * shall remain." That is consonant only with the idea of a separation between the parties. Under the authority of that provision award of custody of chil-

---

* 3 Comp. Laws 1948, § 552.7.—Reporter.
† 3 Comp. Laws 1948, § 552.333.—Reporter.

dren in proceedings brought under Act No. 243 was made in *Blackmer* v. *Blackmer,* 313 Mich. 482, and *Johnson* v. *Johnson,* 314 Mich. 376. Decrees of separate maintenance were awarded in those cases as also in the following cases brought under Act No. 243; *Wolcott* v. *Wolcott,* 114 Mich. 528; *Klumpp* v. *Klumpp,* 289 Mich. 97; *Lane* v. *Lane,* 310 Mich. 220; *Hensinger* v. *Hensinger,* 319 Mich. 645; *Miller* v. *Miller,* 320 Mich. 43. See, also, *Davidson* v. *Davidson,* 47 Mich. 151.

In support of his theory that a decree of separate maintenance is not permissible under Act No. 243 defendant cites *Judson* v. *Judson,* 171 Mich. 185; *Lacey* v. *Lacey,* 189 Mich. 271; *Cole* v. *Cole,* 193 Mich. 655; *Hagerty* v. *Hagerty,* 222 Mich. 166. The holding in the *Judson Case* is that a woman can have no redress under Act No. 243 against her former husband from whom she has theretofore been divorced. In the *Lacey Case* the wife filed her petition under Act No. 243 and this Court held that in such case the court could not, contrary to her wish and petition, grant her an absolute divorce. In the *Cole Case* the wife filed a bill of complaint praying for "separate maintenance from the bed and board of the defendant." This Court held that, the bill having made no reference to any statute, it must be deemed to have been filed under the so-called divorce from bed and board statute and not under Act No. 243 and that, therefore, it was competent for the court to grant an absolute divorce. The *Hagerty Case* merely reasserts the holding of the *Cole Case.* In none of these cases did this Court have before it for decision the question whether a separate maintenance may be decreed under Act No. 243. Any language in these cases indicating that it may not be done is *obiter dictum,* which we decline to follow.

Section 1 of Act No. 243 empowers the court to "allot, assign, set apart and decree to her as alimony

the use of such part of her husband's real and personal estate, or such proportion of his earnings, income or revenue as the court may determine." Section 2 of Act No. 243 provides that if it shall appear that the husband is apt to dispose of his assets to avoid the court's decree, the court may enjoin the sale or encumbrance thereof and that notice of such injunction served upon any person in whose hands any of the husband's property may be found shall operate as an attachment thereon and, further, that the court may cause execution to issue and be levied upon any of the husband's estate to enforce its decree. 3 Comp. Laws 1929, § 12797* (Stat. Ann. § 25.221), read as a part of Act No. 243, authorizes the court to decree the payment of a fixed sum of money for the support of the wife and provides that payment may be secured upon real estate or otherwise and that performance of the decree may be enforced by the sale of the husband's real estate or otherwise.

The statutes confer no authority upon the court, in granting a decree of separate maintenance under Act No. 243, to award the wife title to, or ownership of, any of the husband's property. The taxicab company was not a party to the suit and the provision in the decree giving plaintiff access to its books is not binding upon the company. In these two respects the trial court was in error.

A decree may enter in this Court modifying the decree of the trial court in accord herewith in the two respects in the last above paragraph noted and in all other respects affirming it. No costs, neither party having fully prevailed.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.

---

* 3 Comp. Laws 1948, § 552.333.—REPORTER.