### POLANDER *v.* POLANDER.

1. HUSBAND AND WIFE—SEPARATE MAINTENANCE.
   Each case of separate maintenance based upon cruelty must be decided on its own merits (CL 1948, § 552.301).

2. APPEAL AND ERROR—SEPARATE MAINTENANCE—SUPREME COURT—EVIDENCE.
   The Supreme Court has the duty of exercising its own judgment in passing upon the evidence on appeal in suits for separate maintenance (CL 1948, § 552.301).

3. HUSBAND AND WIFE—SEPARATE MAINTENANCE—EVIDENCE.
   Plaintiff wife in suit for separate maintenance *held,* entitled to decree of separation, where evidence shows there is little possibility of reconciliation, that neither seeks a divorce because of their church affiliations, that the parties have not cohabited as husband and wife for over 4 years and that the accumulation of property has largely come about because of the industry of both parties and there were a number of acts of cruelty on the part of defendant husband (CL 1948, § 552.301).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]  27 Am Jur, Husband and Wife §§ 404–406.
[1, 3]  Defenses available to husband in civil suit by wife for support. 10 ALR2d 466.
[5]  27 Am Jur, Husband and Wife §§ 414, 415.

4. SAME—TITLE TO PROPERTY.

    Courts do not award the wife title to any of the husband's property in statutory proceedings for separate maintenance (CL 1948, § 552.301).

5. SAME—SEPARATE    MAINTENANCE — INCOME — AGE — HEALTH — MANNER OF LIVING.

    The proper allowance for the wife in a suit for separate maintenance is determined by the court by taking into consideration the husband's income, the age and health of both parties, and the station in life and manner of living of the parties prior to the separation (CL 1948, § 552.301).

6. SAME—SEPARATE MAINTENANCE—REMAND—ALIMONY.

    Case of separate maintenance is remanded to circuit court for allotting, assigning, setting apart and decreeing to plaintiff wife as alimony the use of such part of the defendant husband's real and personal estate, or such portion of his earnings, income or revenue as the court shall find equitable, where Supreme Court reverses decree dismissing bill and finds wife entitled to decree of separation (CL 1948, § 552.301).

Appeal from Wayne; Maher (Thomas F.), J. Submitted January 13, 1954. (Docket No. 20, Calendar No. 45,851.) Decided February 18, 1954. Rehearing denied April 5, 1954.

Bill by Marie R. Polander against Michael G. Polander for separate maintenance. Bill dismissed. Plaintiff appeals. Reversed and decree ordered to enter in this Court, with cause remanded for further proceeding in respect to allotment of alimony.

*Garan, Lucow & Miller* (*Albert A. Miller,* of counsel), for plaintiff.

*George W. Bixler,* for defendant.

SHARPE, J. Marie R. Polander, plaintiff, seeks separate maintenance from her husband, Michael G. Polander, by virtue of the statute CL 1948, § 552.301 (Stat Ann § 25.211). The trial court, after hearing

the evidence, entered an order dismissing plaintiff's bill of complaint. The principal issue in this case is whether plaintiff presented sufficient evidence to entitle her to a decree of separate maintenance.

The record shows that the parties were married in 1926 and that 3 children were born as a result of this marriage, namely, Robert James Polander, age 21, a member of the United States Air Force; Delores Irene Polander, age 19, and Thomas Mitchell Polander, age 7, both of whom are living with their mother in Detroit; that at the time of the marriage defendant was 27 years of age and had accumulated property of the value of from $3,000 to $4,000; that prior to the marriage plaintiff was employed and after the marriage became a beauty operator and soon thereafter opened a beauty shop. The parties separated in 1949 and at that time were the owners of real estate, stock, furniture, car and money in the bank, all of which had a value of approximately $133,000 as appraised by the friend of the court. The real estate consists in part of a hotel in Albany, New York, which has a value of about $95,000.

In plaintiff's amended bill of complaint it is alleged that defendant had stated to her on numerous occasions that he did not love her and that he no longer had any feeling or affection for her; that he drinks to excess; that for a period of several years he has shown an increasing neglect of interest in the welfare of plaintiff and the children; that he has a violent and uncontrollable temper; that he uses vile, obscene and abusive language towards her; that he struck her with great force and violence on numerous occasions, once in 1946 at a time when plaintiff was 7 months pregnant with child, wherein the defendant in a drunken rage, poked a broom handle into the abdomen of the plaintiff, causing her to suffer severe pain and anguish and almost causing the premature birth of the child she was

bearing; that in December of 1946 the defendant did again strike the plaintiff with his fist in the abdomen and stomach just prior to the time that the plaintiff was to depart to the hospital to give birth to her son, Thomas; and that on New Year's Eve in 1945 the defendant in a drunken rage did assault the plaintiff and did strike and beat her repeatedly, forcing her into the ice-covered street and tearing her fur coat off her body in strips so that only a bare lining remained; further that after the defendant left the plaintiff in July, 1949, he gave her no support money for a period of 7 months, despite the fact that his income from jointly held property was in excess of $2,000 per month; and that the defendant had carried on an illicit love affair with another woman in 1946.

Defendant filed an answer to plaintiff's bill of complaint in which he denied the several acts of cruelty charged therein, but does not ask for affirmative relief. The cause came on for trial and plaintiff offered evidence in support of the claims made in her bill of complaint. At the close of all testimony the trial court entered an order dismissing plaintiff's bill of complaint. The trial court filed a written opinion in which he gave his reasons for dismissing plaintiff's bill of complaint, the substance of which was that plaintiff contributed as much to the domestic turmoil as the defendant did.

We note that the principal witness for plaintiff was her daughter, Delores, who testified:

"When my mother was expecting a child, my father took a broom and started poking her in the stomach. He says, 'You don't have to wait 9 months for the brat to come out, you can have him now,' and started punching her in the stomach."

Concerning another instance, Delores testified:

"It was the night my father came home; my father came home at night and he had lipstick all over his shirt and vest and my mother asked him, 'Where did you get'—My mother asked him if that was lipstick.  *  *  *

"I got out of bed. I heard them quarreling. Then my mother said, 'There is lipstick all over your Dad' and I took a good look, and then my father started hitting my mother and gave her a black eye and took a chair and hit her with it, and my mother ran to the bedroom. She opened the window and jumped out."

Each separate maintenance case based upon cruelty must be decided on its own merits, see *Miller* v. *Miller,* 320 Mich 43. In suits for separate maintenance, the Supreme Court is not relieved of the duty of exercising its own judgment in passing upon the evidence, see *Klumpp* v. *Klumpp,* 289 Mich 97. We have examined the evidence and find that the parties have not cohabited as husband and wife since 1949; that the accumulation of property has largely come about because of the industry of both parties; that neither party seeks a divorce because of their church affiliations; and that there is little possibility of reconciliation between the parties. We are of the opinion that the plaintiff, under the evidence in this case, is entitled to a decree of separation. In *Mackie* v. *Mackie,* 329 Mich 595, 600, we said:

"In the statutory proceeding for separate maintenance, courts do not award the wife title to any of the husband's property. In determining a proper allowance for the wife, courts should take into consideration the husband's income, the age and health of both parties, the station in life and manner of living of the parties prior to the separation."

A decree will be entered granting plaintiff separate maintenance and the cause remanded to the circuit

court of Wayne county to allot, assign, set apart and decree to her as alimony the use of such part of her husband's real and personal estate, or such portion of his earnings, income or revenue as the court shall find equitable. Plaintiff may recover costs.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.