### WEBB *v.* WEBB.

1. HUSBAND AND WIFE—SEPARATE MAINTENANCE—DIVISION OF PROP-
   ERTY.
   > No final determination as to property rights is provided for in
   > the statute relative to proceedings for separate maintenance
   > of the wife (CL 1948, § 552.301).

2. SAME—SEPARATE MAINTENANCE—COURTS—JURISDICTION—INCOME.
   > A court has jurisdiction to deal only with the income of parties
   > to suit for separate maintenance and has no power to divest
   > either of the corpus of his or her estate in order to give it to
   > the other, or to compel one to labor for the other (CL 1948,
   > § 552.301).

3. SAME—SEPARATE MAINTENANCE—MODIFICATION OF DECREE—EVI-
   DENCE.
   > A husband has a right to present evidence at hearing on petition
   > to modify decree of separate maintenance as to any material
   > change of circumstances which were properly set forth in his
   > petition (CL 1948, § 552.301).

4. SAME—SEPARATE MAINTENANCE—EVIDENCE.
   > Defendant husband who had filed petition to modify decree of
   > separate maintenance but who did not present witnesses
   > after offer of court to hear them, notwithstanding pendency
   > of husband's separate suit for absolute divorce, was not denied
   > his day in court in such respect (CL 1948, § 552.301).

Appeal from Ingham; Coash (Louis E.), J. Sub-
mitted February 25, 1959. (Docket No. 79, Calendar
No. 47,758.) Decided June 5, 1959.

REFERENCES FOR POINTS IN HEADNOTES

[2] 26 Am Jur, Husband and Wife § 415.
[3] 27 Am Jur, Husband and Wife § 428.

Bill by Ruth M. Webb against Russell E. Webb upon which a decree of separate maintenance was granted. Defendant's petition for modification denied. Defendant appeals. Affirmed.

*Roy T. Conley,* for plaintiff.

*John Wendell Bird,* for defendant.

EDWARDS, J. This is an appeal from a denial of defendant-appellant's petition for modification of a decree for separate maintenance. Ruth M. Webb and Russell E. Webb were married on September 22, 1927. In May of 1955, Ruth M. Webb sought and received a decree for separate maintenance in the Ingham county circuit court. By the terms of the decree, Russell E. Webb, appellant herein, was ordered to pay the sum of $25 per week for the support of his wife, and provision was made for her medical and surgical expenses and her use of the home of the parties. No appeal was taken from the decree for separate maintenance.

In October of 1956, on the husband's petition for modification of the decree for separate maintenance, the weekly payments provided in the preceding decree were reduced to $15, but the balance of the terms were left unchanged.

In a petition filed January 21, 1958, the husband, appellant herein, sought a further modification of the separate maintenance decree. The relief sought was cancellation of any weekly payment or, in the alternative, a final determination of property rights between the parties. After a hearing in circuit court before Ingham County Circuit Judge Coash, whereat a considerable amount of argument and discussion was indulged in by all parties but no witnesses were heard, Judge Coash denied the petition.

The discussion before Judge Coash bore in large

measure upon the requested alternative relief, namely, the final determination of property rights as between the parties, and Judge Coash ruled in this regard that no such determination was provided for in the separate maintenance statute. He noted that the husband, appellant here, had pending a suit for absolute divorce in which this issue might possibly be disposed of.

At the outset, we believe that Judge Coash was correct on this aspect of the matter.

The statute in question, entitled "Property and maintenance for wives," CL 1948, § 552.301 (Stat Ann 1957 Rev § 25.211), makes provision only for the court to have the right to

"on the application of the wife by petition, allot, assign, set apart and decree to her as alimony the use of such part of her husband's real and personal estate, or such proportion of his earnings, income or revenue as the court may determine, in its discretion, and during the pending of the proceeding may require the husband to pay such sums to carry on the proceeding, or for her support, as it shall deem necessary."

It is generally held that, in absence of statutory provision, property rights of the parties may not be determined in a suit involving a statutory action for separate maintenance, *Mackie* v. *Mackie,* 329 Mich 595; *Sullivan* v. *Sullivan,* 323 Mich 397; *Rowe* v. *Rowe,* 256 Ala 491 (55 S2d 749); *Brown* v. *Brown,* 204 Md 197 (103 A2d 856); *Pflug* v. *Pflug,* 94 NH 134 (47 A2d 829).

"It has been ruled that the only duty which a court can enforce in a suit for alimony, support, maintenance, or separate maintenance, without divorce, is maintenance, and for this purpose it can deal only with the income of the parties, having no power to divest either of the corpus of his or her estate in

order to give it to the other, or to compel one to labor for the other." 27 Am Jur, Husband and Wife, § 415, p 24.

While this disposes of the principal legal issue which the circuit judge felt was being presented to him, appellant's current appeal urges upon us an additional question. It is his contention that his petition sought modification of the decree and that testimony should have been taken on the fact questions presented therein.

It appears to us, from reading the petition and the record of the hearing, that the only change in circumstances shown in the petition, as compared to the circumstances upon which the prior modification order of October 26, 1956, was based, is appellant's allegation that his wife was "renting a portion of said home   *   *   *   and obtains an income therefrom which is equal to, or in excess of, the said $15 per week ordered by the said decree." This allegation was denied by sworn affidavit in the wife's answer to the current petition for modification.

There is no doubt in our mind that appellant was entitled to present evidence upon any material change of circumstances which he had properly set forth in his petition. We cannot, however, read the record of the hearing as indicating that he was denied this right. At one point in the discussion, the court said:

"If you want to bring on your witness, go ahead, Mr. Bird, but whatever we are here for today, as I read this prayer, is that you want some equitable relief in this matter, which the court cannot give you.

"*Mr. Conley:* The only allegation that is based upon is that she is renting a portion of that place and that is categorically denied in that affidavit. If they have got proof she is renting that place, the court can do something about it.

"As far as being gainfully employed, that was threshed out the last time. If they had alleged she has got more income now from her employment, which after checking I know they can't do, and let me meet that, fine, but there is nothing there for me to meet today.

"*Mr. Bird:* The court then feels as the petition stands and in the relief requested, under the circumstances it cannot be granted.

"*The Court:* No.

"*Mr. Bird:* Well, I think, as Mr. Conley says, that the finding should be on the record so we know where we stand."

In the same discussion the court subsequently pointed out that the matters of support and disposition of property might be heard and disposed of during the course of the divorce proceedings which were pending which had been initiated by the husband, appellant here.

In the absence of an actual offer on the part of appellant to present witnesses after the offer of the court to hear them, we cannot say that appellant was denied his day in court on the matters complained of.

Nothing, of course, precludes a new petition for modification alleging material change in circumstances between January of 1958 and the present—if indeed any such changes have taken place.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.